Matter of Tobin v County of Nassau (2026 NY Slip Op 01522)

Matter of Tobin v County of Nassau

2026 NY Slip Op 01522

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
WILLIAM G. FORD
JAMES P. MCCORMACK, JJ.

2024-04875
 (Index No. 616655/22)

[*1]In the Matter of Elsa Tobin, appellant,
vCounty of Nassau, respondent.

Law Offices of Jason L. Abelove, P.C., Garden City, NY, for appellant.
Bee Ready Law Group, LLP, Mineola, NY (Kevin W. Simmons of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the County of Nassau, determining that the petitioner was required to pay 10% of the cost of her health insurance premiums after reaching age 55, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Gary M. Carlton, J.), entered February 7, 2024. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner, who had been employed by the Nassau County District Attorney's Office from 1994 to 2004, became re-employed by the Nassau County District Attorney's Office in 2022. The County subsequently informed the petitioner that it had determined that she would be required to continue to pay 10% of the cost of her health insurance premiums after reaching age 55. The petitioner commenced this proceeding pursuant to CPLR article 78 to review this determination, contending that the County should be required to pay the full cost of her health insurance premiums upon her reaching the age of 55.
Contrary to the petitioner's contention, the County's determination that the petitioner was required to continue to pay 10% of the cost of her health insurance premiums pursuant to Nassau County Ordinance 4-2002 after reaching age 55 was not arbitrary, capricious, or contrary to law (see CPLR 7803[3]; Matter of Brookdale Physicians' Dialysis Assoc., Inc. v Department of Fin. of the City of N.Y., 41 NY3d 608, 616; Matter of Madison County Indus. Dev. Agency v State of N.Y. Auths. Budget Off., 33 NY3d 131, 135). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
The parties' remaining contentions are either without merit or not properly before this Court.
LASALLE, P.J., CHAMBERS, FORD and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court